UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACK T. CARTWRIGHT,

      Plaintiff,

-vs-               Case No. 5:06-cv-283-Oc-10GRJ

ROXBURY CAPITAL MANAGEMENT,
LLC,

      Defendant.
_____

## **O R D E R**

The Plaintiff's Petition to Vacate, Modify and Correct Arbitration Award and Order (Doc. 2) is before the Court for consideration of the Plaintiff's Motion for Summary Judgment (Doc. 13), to which the Defendant has responded (Doc. 19). The Petition and Motion are ripe, and both are due to be denied.

### **Background and Facts**

The Plaintiff, a retiree, contracted with A.G. Edwards & Sons, Inc. ("Edwards"), a member of the NASD, for investment services. Through a contact initiated by an investment advisor at Edwards, Cartwright signed an agreement to receive investment advice from Roxbury Capital Management LLC ("Roxbury"), which is not a member of the NASD. The contract between Roxbury and the Plaintiff contained an agreement to arbitrate disputes before the American Arbitration Association in Los Angeles, California.

On June 17, 2005, the Plaintiff filed a Statement of Claim with the NASD against both Edwards and Roxbury, thus beginning NASD arbitration proceedings against those entities. Within the period provided by the NASD arbitration rules for an answer to the Statement of Claim, Roxbury contacted the Plaintiff's counsel and informed him that Roxbury was not subject to the NASD's jurisdiction and requested that the Plaintiff dismiss the Claim insofar as it related to Roxbury. A series of contacts between counsel ensued and the parties agreed to several stipulations extending the deadline for Roxbury to answer the Claim. During this period of almost a year, the Plaintiff's counsel not only had difficulty contacting his elderly client, but also, despite numerous requests from Roxbury, did not provide any hint as to the legal basis of his refusal to dismiss the NASD action against Roxbury. After numerous fruitless contacts between the parties, on February 1, 2006, Roxbury filed with the NASD a timely motion to dismiss the arbitration action, and the Plaintiff responded in opposition to that motion.

The NASD originally scheduled the initial arbitration hearing for April 3, 2006, but, as that date approached, the hearing was rescheduled to April 18, 2006 at the request of the Plaintiff. Although the NASD did not provide any form of official notice that the Panel would consider the motion to dismiss at that initial hearing, the NASD informed the Plaintiff that it had referred the motion to dismiss to the Panel and, on April 6, 2006, Roxbury informed the Plaintiff that it planned to raise the motion at that hearing. One day before the initial hearing, the Plaintiff contacted the NASD by phone and by letter and complained that he had not received sufficient notice that the Panel would consider the motion to dismiss

at the initial hearing.  The NASD informed the Plaintiff that a hearing on the motion to dismiss was not currently scheduled, but that a party could request the Panel to hear the motion or defer determination on the motion, and the Panel would take any such request under consideration.

On April 18, 2006, the Panel held its initial hearing.  At the outset of the hearing, the Plaintiff objected to the participation of Roxbury's counsel on the ground that they were not licensed to practice law in the State of Florida.  The Panel considered the Plaintiff's objection, but determined that Roxbury's counsel could proceed to argue the motion to dismiss.  The Panel also denied the Plaintiff's request that the hearing on the motion be postponed so that the Plaintiff could secure the testimony of a "material witness." Accordingly, at the request of Roxbury the Panel addressed the motion to dismiss, heard the argument of the parties, and issued a written order.  That Order states, in part, that:

> Roxbury is not a member of the NASD, has not filed a submission agreement and does not consent to the jurisdiction of the NASD.  In order to expedite this case, the panel determined to consider the Motion [to Dismiss] based upon the written pleadings and oral argument.  After due deliberation and consideration, the Motion to Dismiss Roxbury Capital Management was granted.

April 18, 2006 NASD Order.

On May 17, 2006, the Plaintiff's counsel wrote to the NASD stating in detail his dissatisfaction with the Panel's Order and requesting that the NASD contact him to "discuss an alternative to court action to assure [his] client's rights."  On May 25, 2006, in response, the NASD briefly addressed the issues raised by the Plaintiff and advised him that he may move the Panel for reconsideration or seek other appropriate relief.

On July 17, 2006, the Plaintiff filed his Petition and Motion to Modify or Vacate the Arbitration Award and Order in the Fifth Judicial Circuit, in and for Lake County, Florida. Roxbury filed a timely Notice of Removal (Doc. 2) and, shortly thereafter, it responded in opposition the Plaintiff's Petition. On September 9, 2006, the Magistrate Judge held an initial hearing, at which time he ordered that this case be re-designated as a Track One case and directed that the Plaintiff's Petition be addressed through summary judgment proceedings. Accordingly, on December 7, 2006, the Plaintiff filed the motion for summary judgment now under consideration.

**Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply

rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. Moreover, conclusory allegations and unwarranted deductions of fact are not accepted as true. See Eidson v. Arenas, 837 F. Supp. 1158, 1160 (M.D. Fla. 1993).

## Discussion

"Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act." B.L. Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 909 (11th Cir. 2006). It is well settled in this Circuit that "[t]he FAA presumes the confirmation of arbitration awards and federal courts should defer to a arbitrator's decision whenever possible." Id. (citations omitted). The FAA provides four bases upon which a district court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. In addition, the Eleventh Circuit has stated three, narrow non-statutory grounds for the vacation of an arbitration award: "An award may be vacated if it is arbitrary and capricious, if enforcement of the award is contrary to public policy, or if the award was

made in manifest disregard for the law." Hercules Steel, 441 F.3d at 910 (citations omitted).

The Plaintiff requests that the Court vacate the Panel's Order dismissing Roxbury because (a) the Panel violated NASD rules, (b) the Panel denied the Plaintiff's request to postpone the hearing to obtain the testimony of a material witness, and (c) Roxbury's counsel were permitted to participate in the hearing despite the fact that they were not licensed to practice in the State of Florida. The Plaintiff attempts to couch those three factual issues as providing numerous grounds for vacation of the Panel's Order, however, none of these grounds come within "shouting distance" of providing a basis to vacate the decision of the Panel in this case. The Court will address seriatim each factual issue.

As an initial matter, however, the Court finds that this case is such that, even assuming the truth of all of the Plaintiff's allegations, the unavoidable result of the issuance of a vacatur by this Court would simply be another dismissal by the NASD of the Plaintiff's claim against Roxbury. Accordingly, any error by the Panel in reaching its decision was harmless. No interpretation of the facts in this case would provide the NASD with jurisdiction over Roxbury in an arbitration proceeding. Indeed, it is undisputed that Roxbury is not a member of the NASD and never submitted to the jurisdiction of the NASD. To the contrary, the agreement between Roxbury and the Plaintiff provided for arbitration before the American Arbitration Association. Even if, as alleged by the Plaintiff, the arbitration provision in his contract with Roxbury was hopelessly ambiguous, such a finding would not subject Roxbury to arbitration before the NASD.

Moreover, the Plaintiff has failed to acknowledge any Eleventh Circuit precedent regarding the deferential standard by which this Court must review an arbitration award. This is exactly the kind of challenge to an arbitration award that the Eleventh Circuit in Hercules Steel cautioned against, and for the prosecution of which that court suggested sanctions - the Circuit's concern in that case is apropos here:

> By attacking the arbitration award in this case Harbert has shown at best an indifference to the law of our circuit governing the subject. Harbert's refusal to accept that there is no basis in the law for attacking the award has come at a cost to the party with whom Harbert entered into the arbitration agreement and to the judicial system. In litigating this case without good basis through the district court and now through this Court, Harbert has deprived Hercules and the judicial system itself of the principal benefits of arbitration. Instead of costing less, the resolution of this dispute has cost more than it would have had there been no arbitration agreement. Instead of being decided sooner, it has taken longer than it would have to decide the matter without arbitration. Instead of being resolved outside the courts, this dispute has required the time and effort of the district court and this Court. When a party who loses an arbitration award assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail, the promise of arbitration is broken.

Id. at 913-14.

## I.    *Violation of NASD rules.*

The Plaintiff asserts in a conclusory fashion that the Court should vacate the Panel's Order dismissing Roxbury because the Panel acted contrary to law and exceeded their powers by violating two NASD rules during the course of the arbitration. Namely, the Plaintiff asserts that the Panel violated NASD Rule 10315 by failing to provide adequate notice of the hearing on the motion to dismiss and that the Panel violated NASD Rule 10326(1)(a) by failing to keep a verbatim record of the hearing.

The Plaintiff's claim is without merit because the NASD's violation of its procedural rules, without more, does not support the allegation that the Panel acted "contrary to law" because those rules are not law. See Max Marx Color & Chem. Co. Employees' Profit Sharing Plan v. Barnes, 37 F. Supp. 2d 248, 253 (S.D.N.Y. 1999) ("[T]o the extent that petitioners' claim is that the Panel disregarded NASD rules, it is meritless. NASD rules are not "law. Petitioners must point to a statutory violation to warrant vacatur of an arbitral award, not a violation of the code of arbitration procedure.")[1]  Moreover, the Plaintiff's abbreviated argument that the Panel "exceeded their powers" by issuing a decision on the motion to dismiss without having made a verbatim recording of the hearing on that motion is wholly without legal support, and the Plaintiff provides no explanation as to how the absence of that recording has harmed him.

In addition, the Court is not convinced that the NASD violated Rule 10315. Rule 10315 requires that the NASD "shall give notice of the time and place at least 15 days prior to the date fixed <u>for the first meeting</u> by personal service . . . ."  Here, it is undisputed that the NASD gave such notice of the first meeting. The Plaintiff's argument that Rule 10315 requires that the NASD provide him with written notice 15 days in advance of any other

---

[1] The Plaintiff states that: "Failure to provide notice of a hearing to customers was grounds for the court in Austern v. CBOE, 898 F.2d 882 (2d Cir. 1990) to vacate the award." The Plaintiff grossly mischaracterizes Austern.  The Second Circuit did not vacate an arbitration award in Austern, nor did it pass on the question of whether failure to provide notice was grounds to vacate an award. The question in Austern concerned arbitral immunity, namely: "whether a commercial organization sponsoring a contractually agreed upon arbitration is immune from civil liability for improperly noticing the arbitration hearing and improperly selecting the arbitration panel.

8

hearing - such as a hearing on a motion to dismiss - is disingenuous at best.  In any case, the Plaintiff had fully briefed the motion to dismiss and was well aware that Roxbury would raise the motion at the April 18, 2006 hearing.  Not only did Roxbury's counsel inform the Plaintiff on April 6, 2006 that they planned to raise the motion to dismiss at the April 18, 2006 hearing, but the NASD also informed the Plaintiff that Roxbury may raise the motion at that hearing.

## *II.*      *Denial of a Postponement to Obtain Witness Testimony*

The Plaintiff asserts that the Court should vacate the Panel's Order dismissing Roxbury because the Panel engaged in misconduct by refusing to postpone the hearing to allow the Plaintiff to present the testimony of a "material witness" and by entering its Order without hearing the testimony of that witness.  Specifically, the Plaintiff sought the testimony of Greg Sutfin, an Edwards broker who allegedly knew material facts related to the procurement of the contract between Cartwright and Roxbury.

As in Schmidt v. Finberg, 942 F.2d 1571, 1574 (11th Cir. 1991), "[t]he issue [] comes down to the question [of] whether there was any reasonable basis for the arbitrators to refuse to postpone the hearing or to continue it in order to receive [the witness'] testimony."  In Schmidt, the Eleventh Circuit found that "there were several good and sufficient reasons to support the panel's action."  Id. at 1574.  Three of those four reasons are also applicable in this case.  First, the Plaintiff did not, and still has not, indicated what testimony Sutfin would give that would be material to the issue before the Panel, i.e. whether the NASD had jurisdiction over Roxbury.  See id.  Second, if the Plaintiff really believed that Sutfin's

testimony was material, the Plaintiff had ample opportunity to have obtained that testimony, whether by affidavit, deposition, or otherwise. See id. Third, the Panel may have decided that the proceeding, already pending for almost a year, had been protracted so long as to violate the policy of expeditious handling of such disputes. See id. Indeed the Panel stated that: "In order to expedite this case, the panel determined to consider the Motion based upon the written pleadings and oral argument."

Moreover, the Court notes that not only did the Plaintiff submit his brief in opposition to the motion to dismiss several weeks before the initial hearing, that hearing was postponed twelve days at the request of the Plaintiff. In addition, the Panel had before it Roxbury's motion to dismiss based upon an asserted a lack of jurisdiction; a motion the decision of which would not necessitate the taking of evidence, especially where the dispositive facts were not even in dispute, i.e. Roxbury is not a NASD member and never submitted to the jurisdiction of the NASD. Finally, even taking the Plaintiff's allegations of fact as true in regards to the procurement of his contract with Roxbury, the Plaintiff failed to make - and still fails to make - any viable legal argument as to why Roxbury should be subject to the jurisdiction of the NASD.[2] Accordingly, Sutfin's testimony would not have been material evidence and, as such, the de facto exclusion of that testimony by the

---

[2] The Plaintiff asserts that: "As Cartwright's grounds for bringing Roxbury under the jurisdiction of the NASD revolves around exceptions and equitable considerations of the general arbitrability and enforcement of arbitration forum clauses, Greg Sutfin's testimony is material and essential." The Plaintiff provides the Court with no citation of law concerning these asserted "exceptions and equitable considerations," nor any legal authority for his proposition that Roxbury may be subject to the jurisdiction of the NASD.

Panel's decision not to grant the Plaintiff another postponement did not prejudice the Plaintiff.

### III.    *Participation of Counsel Not Licensed in Florida.*

The Plaintiff asserts that the Court should vacate the Panel's Order dismissing Roxbury because the Order was procured by undue means, is against public policy, and was issued in manifest disregard of the law. To establish that an arbitration award was obtained by corruption, fraud or undue means, a "(1) Plaintiff must produce clear and convincing evidence (2) of fraud that was undiscoverable through the exercise of due diligence at arbitration (3) which materially related to an issue in the arbitration." See Liberty Securities v. Fetcho, 114 F. Supp. 2d 1319, 1321-22 (S.D. Fla. 2000) (citing Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1383 (11th Cir.1988)). An arbitration award is against public policy "where enforcement would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." Brown v. Rauscher Pierce Refsnes, Inc., 994 F.2d 775, 782 (11th Cir. 1993). A showing that an arbitration award was issued in manifest disregard of the law "requires clear evidence that the arbitrator was 'conscious of the law and deliberately ignored it.'" Hercules Steel, 441 F.3d at 910 (quoting Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1461 (11th Cir. 1997)). "A showing that an arbitrator merely misinterpreted, misstated, or misapplied the law is insufficient." Hercules Steel, 441 F.3d at 910. Implicit in the foregoing standards

is the showing of materiality; in order for the petitioner to obtain relief, the alleged arbitral error must have been material to the arbitral action about which the petitioner complains.

The Plaintiff's arguments are based entirely upon his assertion that Roxbury's counsel appeared at the April 18, 2006 arbitration hearing in violation of Rule 1-3.11 of the Rules Regulating the Florida Bar. Rule 1-3.11 provides that:

> A lawyer currently eligible to practice law in another United States jurisdiction or a non-United States jurisdiction may appear in an arbitration proceeding in this jurisdiction if the appearance is: (1) for a client who resides in or has an office in the lawyer's home state . . . . Such lawyer shall comply with the applicable provisions of this rule and of rule 4-5.5.

The "applicable provisions" of Rule 1-3.11 consist of the requirement that the out-of-state attorney file with the Florida Bar and serve upon opposing counsel a verified statement and pay to the Florida Bar a $250.00 filing fee. Moreover, Rule 4-5.5 states that:

> A lawyer admitted and authorized to practice law in another United States jurisdiction who has been neither disbarred or suspended from practice in any jurisdiction, nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant to this rule, may provide legal services on a temporary basis in Florida that: . . . (2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer or a person the lawyer is assisting is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized . . . .

The crux of the Plaintiff's argument is that this Court should vacate the Panel's Order dismissing Roxbury from the arbitration for lack of jurisdiction because Roxbury's counsel appeared at the arbitration hearing and argued its motion to dismiss without having filed the verified statement and without having paid the filing fee specified in Rule 1-3.11. However, no matter how the Plaintiff couches his argument (whether "undue means,"

"against public policy," or "manifest disregard of the law"), he provides the Court with no legal authority for his proposition that the violation of a bar rule provides ground for the vacatur of an arbitration award, especially, as here, where there is no nexus between the purported violation and the grounds upon which the arbitration award was entered.[3]

Moreover, the Plaintiff suffered no prejudice by the Panel's decision to allow Roxbury's counsel to proceed with the hearing on the motion to dismiss, as there is no evidence that a delay to allow Roxbury's counsel to comply with the rule would have affected the Panel's decision. To the extent that Roxbury's counsel violated the Rules Regulating the Florida Bar, the remedy for such a violation is an action against those attorneys by the Bar, and not the vacatur of the Panel's Order by this Court.

**Conclusion**

Accordingly, upon due consideration, it is ordered that:

(1) the Plaintiff's Motion for Summary Judgment (Doc. 13) is DENIED;

(2) the Plaintiff's Petition to Vacate, Modify and Correct Arbitration Award and Order (Doc. 2) is DENIED;

(3) the Clerk is directed to enter judgment in favor of Defendant Roxbury Capital Management LLC and against the Plaintiff with costs to be assessed according to law; and

(4) the Clerk is directed to terminate any pending motions and close the file.

---

[3] To attempt to establish some connection between the violation of the bar rule and the Order, the Plaintiff asserts that if the Panel would have postponed the hearing to allow Roxbury's counsel to comply with Rule 1-3.11, then the Plaintiff would have been able to present the testimony of Mr. Sutfin when the Panel reconvened.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 1st day of May, 2007.

*[signature]*
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

  Maurya McSheehy